UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                             )
                                                   )
    ROBERT JAYNES, JR a/k/a            )    Case No. 05-11953-SSM
    R. JAYNES, a/k/a BOB JAYNES,       )
    f/d/b/a JAYNES ASSOCIATES, INC.    )    Chapter 13
    PEGGY JAYNES                       )
                                                   )
            Debtors            )

**MEMORANDUM OPINION**

A hearing was held in open court on August 10, 2005, on the objection of Gerald M. O'Donnell, standing chapter 13 trustee, to confirmation of the plan filed by the debtors on June 2, 2005. At the conclusion of the hearing, the court directed the debtors to submit additional evidence with respect to the budget amount claimed for unreimbursed medical expenses. The debtors have done so, and the court was prepared to issue a ruling. In the interim, however, the trustee has submitted an agreed order confirming the plan. Since the only confirmation objection related to the disposable income test, and since the test is applicable only if there is an objection to confirmation, the issues the court took under advisement are now moot.

Background

Robert Jaynes, Jr., and Peggy Farmer Jaynes are husband and wife. They filed a voluntary petition for an adjustment of their debts under chapter 13 of the Bankruptcy Code in this court on May 18, 2005. Their schedules list $175,316 in secured debt and $300,805 in general unsecured debt. Their plan proposes payments to the chapter 13 trustee of $1,900

1

per month for two years, followed by $2,100 per month for 18 months, resulting in a total of $83,400 being paid into the plan over its three and a half year term.  From the payments received the trustee would pay his own commission of somewhat less than 10%, $2,000 in fees to the debtors' attorney, 100 cents on the dollar to joint unsecured creditors, and a pro-rata distribution (estimated at 11 cents on the dollar) to the creditors whose claims are solely against one or the other of the debtors.[1]  The claims bar date has not yet passed.  So far, however, one joint unsecured claim has been filed in the amount of $11,957 (although the schedules show this liability as disputed) and 17 non-joint claims have been filed in the total amount of $200,860.[2]

No creditors objected to confirmation.  However, the standing trustee objected on the ground that the plan failed to comply with the requirement that a chapter 13 plan paying less than the full amount of allowed claims must provide that all of the debtor's disposable income for the three year period beginning with the first plan payment be applied to make payments under the plan.  § 1325(b), Bankruptcy Code.  "Disposable income" is defined as income received by the debtors "which is not reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor, including charitable

---

[1] The debtors' schedules reflect that they own, as tenants by the entirety, real property that they value at $377,655, subject to a mortgage lien of $175,316.  Presumably the reason the plan provides for full payment of the joint unsecured claims is because the real estate would be available to pay those claims in a chapter 7 case, *Sumy v. Schlossberg (In re Sumy)*, 777 F.2d 921 (4th Cir. 1985), and a chapter 13 plan must pay creditors at least what they would receive in a chapter 7 case.  § 1325(a)(4), Bankruptcy Code.  Neither the trustee nor any creditor has objected to the separate treatment of joint claims.

[2] Based on the claims filed to date, the actual dividend on unsecured claims will likely be in the neighborhood of 30% rather than the plan estimate of 11%.

2

contributions . . . and, if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business." § 1325(b)(2), Bankruptcy Code.  The debtors' schedules reflect net monthly income after withholding of $8,007.92 from Mr. Jaynes's current employment and military retirement, and total monthly expenses of $6,106.73.  The trustee did not dispute the income figures but challenged several of the claimed monthly expenses as excessive.  The testimony and exhibits presented at the hearing focused on the accuracy, reasonableness, and necessity of the claimed expenses.  At the conclusion of the hearing, the court directed the debtors to submit an affidavit, with supporting documents, relative to the unreimbursed medical expenses.  The debtors have done so, and the court assumes that it is upon review of that affidavit, as well as the evidence presented at the hearing, that the trustee, by submitting an agreed order of confirmation, has effectively withdrawn his objection to confirmation.

## Discussion

The Bankruptcy Code sets forth six requirements for confirmation of a chapter 13 plan.  § 1325(a)(1)-(6), Bankruptcy Code.  Even in the absence of an objection, the court has an independent duty to ensure that a chapter 13 plan meets those requirements.[3]  *U.S. v. Easley*, 216 B.R. 543, 544 n.1 (W.D. Va. 1997); *In re Bowles*, 48 B.R. 502, 505 (Bankr. E.D. Va. 1985).  However, by its express terms the disposable income test is implicated only "[i]f the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan." § 1325(b)(1).  Put another way, in the absence of an objection to confirmation, there

---

[3] The only exception is that if no timely objection is filed, the court may determine that the plan satisfies the "good faith" requirement of § 1325(a)(3) without receiving evidence on that issue.  Fed.R.Bankr.P. 3015(f).

is simply no issue for the court to decide relative to disposable income. In the present case, the only objection has been withdrawn. Accordingly, the court need not and does not decide whether the debtors are contributing their disposable income into the plan during the first 36 months.

The confirmation order and wage order tendered by the chapter 13 trustee have been entered.

Date: _____          _____
                                                              Stephen S. Mitchell
Alexandria, Virginia                                 United States Bankruptcy Judge


Copies to:

Robert Jaynes, Jr.
Peggy Jaynes
13425 Bristow Road
Nokesville, VA 20181
Debtors

Ronald B. Cox, Esquire
Suite C, 308 Poplar Alley
P.O. Box 468
Occoquan, VA 22125
Counsel for the debtors

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA 22314
Chapter 13 trustee